■ In the Matter of STUART & STUART, INC., et al., Respondents, v. NEW YORK STATE LIQUOR AUTHORITY, Appellant.— Judgment and order of annulment (one paper), entered June 13, 1968, reversed on the law, with $50 costs and disbursements to appellant, and the petition dismissed. Though nothing appears in the record by way of impeachment of the character and background of the petitioners themselves, when the circumstances are viewed in their entirety and there is particularly taken into account respondent's prior experience with the prospective seller and mortgagee, a substantial basis is apparent for respondent's determination of March 1, 1968. That determination disapproved the proposed transaction by which the petitioners would ostensibly have acquired the subject premises. Relevant comment on the history of this transaction is found in *Matter of Stuart & Stuart* v. *New York State Liq. Auth.* (29 A D 2d 176) and *Matter of Dan's Living Room* v. *State of New York Liq. Auth.* (31 A D 2d 799, affd. 25 N Y 2d 759). The court may not, in the situation disclosed, disturb respondent's determination, and the judgment of annulment accordingly requires reversal. Concur — Stevens, P. J., Capozzoli, Tilzer and Markewich, JJ.; Nunez, J., dissents in the following memorandum: I dissent and vote to affirm for the reasons stated in the excellent opinion of Mr. Justice HELMAN at Special Term. I would add that it is basically wrong to give the State Liquor Authority absolute power of life and death, which the majority is doing in this case, upon the flimsy basis that the Authority is not satisfied that the instant application is made in good faith. There is nothing in the record to justify this finding. And lastly, I would emphasize that we are concerned here principally with the rights of the petitioners, Charles E. and John A. Stuart, who are being deprived of their license because the present licensee has had its difficulties with the State Liquor Authority in connection with other licensed premises. This to me seems patently unfair.